IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicki Suzanne DeLozier, | No.  CV-25-00864-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Mark Lamb, et al., | |
| Defendants. | |

Plaintiff Nicki Suzanne DeLozier filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The Honorable Alison S. Bachus, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 19), recommending the Court dismiss this action for failure to prosecute and comply with Court orders.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1118–19 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also*

*Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621–622 (9th Cir. 2000).

On January 15, 2026, the Court ordered Plaintiff to file a notice of change of address or show cause why this action should not be dismissed for failure to comply with the Court's Order. (Doc. 16). The Order was returned to the Court as undeliverable (Doc. 17), and Plaintiff has otherwise taken no action. In the R&R, the Magistrate Judge recommends the action be dismissed in light of Plaintiff's failure to prosecute this action and failure to comply with the Court's clear order that she keep the Court apprised of any address changes.

The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not… require any review at all… of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will thus adopt the R&R in full. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 19) is **accepted** and **adopted** by the Court.

///

///

///

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **dismissed without prejudice** and the Clerk of Court shall terminate this action.

Dated this 11th day of March, 2026.

Honorable Steven P. Logan
United States District Judge